EDWARD L. COFFEY, PROSECUTOR, v. BOARD OF COM-
MISSIONERS OF THE CITY OF ATLANTIC CITY, RE-
SPONDENT.

Argued October 6, 1943—Decided October 21, 1943.

Before Justices PARKER and HEHER.

For the prosecutor, *Benjamin A. Rimm*.

For the respondent, *Samuel Backer*.

The opinion of the court was delivered by

PARKER, J.  This writ brings up for review the "proceed-
ings relating to a certain ordinance known as Ordinance No.
1 * * * adopted by the Board of Commissioners of the
City of Atlantic City and entitled 'An ordinance fixing the
salary of the Registrar of Vital Statistics of the City of
Atlantic City.' " *Allocatur* was denied by the justice of this
court presiding in Atlantic County, but granted by the court
*in banc* at the May term, 1943.

The ordinance, adopted at a Board meeting on January
21st, 1943, fixes the salary of the Registrar of Vital Statistics
of Atlantic City at $1,960 per year, payable in semi-monthly
installments.  It is challenged on a number of grounds, and
those now urged will be considered in the course of the dis-
cussion.  The facts constituting the background of the case,
shortly stated, are that prosecutor had been an employee of
the city for many years in the Board of Assessors at a salary
of $1,711 per year, which was increased as of January 1st,
1942, to $1,960 per year.  The Registrar of Vital Statistics,

retired in 1939, was paid $2,080 per year at the time of retirement. His successor to those duties (1940 to 1942), was paid, first $1,800, then $1,860 per year. On July 15th, 1942, the Mayor, head of the Department of Public Affairs, notified by letter the head of the Civil Service Commission that he had appointed prosecutor Coffey as Registrar of Vital Statistics, "at an annual salary of $3,000, beginning July 16th, 1942." But on September 4th, 1942, the Board of Commissioners held a meeting and passed a resolution incidentally challenging the tenure of office by prosecutor, and specifically forbidding the payment of salary for the latter half of August, 1942. This was appealed by Coffey to the Civil Service Commission, which held that Coffey was a temporary employee, but directed payment of salary at $3,000 per year so long as he performed the duties of registrar. The language of the decision on this point may properly be quoted: "It is the conclusion of the Commission that under the law it can take no other action than to hold that the appointment has been made as prescribed in the statutes affecting the position of Registrar of Vital Statistics, that the appellant holds such employment in a temporary capacity only subject to proper examination and the filling of the position on a permanent basis from the certification of eligibles resulting from the examination and that in the absence of action of the City Commission in fixing the annual compensation for this position at a rate other than at $3,000 per annum the Mayor is within the authority assigned to him as Director of the Department of Public Affairs in fixing such rate."

This quotation contains two rulings that are relevant to the present controversy: first, that in the absence of action by the City Commission, the Mayor may fix the temporary salary. With this we have no present concern. Secondly, by clear implication, that the Commission has power to fix the salary, and where it does so, its action is controlling. The statute in that regard is specific, N. J. S. A. 40:73–6.

The jurisdiction of the Commission clearly existing, the question then is, was it exercised in this case in bad faith, or based on false premises?

We think that neither situation has been shown. Admittedly, the previous salary was about $2,000. This the Mayor undertook to increase by 50 per cent., though we fail to find satisfactory evidence that the former pay was too low. The other question remains:—was there bad faith? Here again, the action of the Commission, in whom the legal power resided, and on whom the legal duty rested, was no more than a reversion to the condition that existed before the temporary appointment and the Mayor's action in undertaking to raise the salary. The action taken was in itself strictly legal, and we are by no means persuaded that it was prompted solely by malicious motives.

We conclude, therefore, that the writ be dismissed, but without costs.